Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JORGE LUIS ORTIZ JR.

                          Plaintiff                          CIVIL ACTION:

v.

THE CITY OF NEW YORK
New York City Police Department

                                                    VERIFIED COMPLAINT
                                                    JURY CLAIM
                                                    AS TO ALL COUNTS

                        Defendants

---

INTRODUCTION

Jorge Ortiz Jr. ["Ortiz"] of Bronx, New York asserts the following claim against the defendants in the above-entitled action:

      1. Violation of 42 U.S.C. 1983: False Arrest

JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

PARTIES

3. Plaintiff Jorge Ortiz Jr. ["Ortiz"] is a natural person residing in Bronx, New York, United States of America and was a resident of Bronx, NY during all relevant times of this action.

4. Defendant City of New York is a properly incorporated city in the State of New York and is being sued under "Monell" claims.

5. Defendant New York City Police Department is an authorized agency of the City of New York.

6. At all times material to this Complaint, Defendants City of New York and the New York City Police Department acted toward plaintiff under color of the statutes, ordinances, customs and usage of the State of New York.

7. At all relevant times quotations as to violations of specific constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

FACTS

8. On or about July 25, 2012 at or about 5:00 p.m, Plaintiff Ortiz states he and 7 of his friends were gathering in front of his cousin's apartment at 1420 Grand Concourse, Bronx, NY.

9. The group had been at that location for about an hour socializing. At approximately 5:00 p.m. NYPD officers drove towards the group at a high rate of speed and stopped to investigate the group for no valid or stated reason.

10. The officer's demanded that the whole group stand up against a nearby wall. The officer's then initiated searches of the Plaintiff and his group of friends without knowledge...

11. The officers searched every individual. After the officer finished his search of Plaintiff Ortiz without finding anything on his person, the officer pointed to a nearly empty crystalline bag 3 feet behind the plaintiff.

12. The bag at no point was in the possession of the plaintiff. There was no probable cause for the search and the results of the illegal search would have been inadmissible in any court proceeding.

13. Plaintiff was subsequently handcuffed and taken to the 44th precinct. Plaintiff was the only person at the scene who was taken into custody.

14. Officers charged Mr. Ortiz with possession of Marijuana in the 5th degree.

15. Plaintiff was at the precinct for about 7 hours before he was taken to central booking.

16. Plaintiff was released from custody on or about 5:00 a.m. on July 27, 2012.

17. Plaintiff was released after the Bronx County District Attorney's Office declined to prosecute him.

COUNT 1: VIOLATION OF 42 U.S.C. 1983: FALSE ARREST

18. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 17 above with the same force and effect as if herein set forth.

19. At all times relevant herein, the conduct of the Defendants were subject to 42. U.S.C. sections 1983, 1985, 1986, and 1988.

20. For "Monell" purposes, Defendant City of New York ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest. Furthermore, we allege that it is Department policy to make arrests where allegations of criminality take place, as such all members employed by said department in a position/capacity to arrest any other individual would/should properly be trained by the department to perform said duty in a just and proper manner. We also allege that it is the general practice of the Department to fully investigate any and all matters before them, and do so in a proper and judicious manner, the failure to have done so in this matter is a breach of the aforementioned implied, and direct, policy of this department.

21. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime.

22. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice directly led to the false arrest and false imprisonment, of Mr. Ortiz for an offense that he did not commit.

23. Acting under color of law, Defendant's engaged in a denial or Oritz's rights privileges and immunities secured by the United States Constitution or by Federal Law, as incorporated by the Fourteenth Amendment. Specifically, but not limited to, a violation of Mr. Ortiz's right to due process under the Fourth Amendment as incorporated by the Fourteenth Amendment.

24. There was no probable cause for the July 25, 2012 arrest and incarceration of Mr. Ortiz and as a result his constitutional rights were violated. No sufficient cause for any warrant, if issued.

25. As a result of the Defendant's unlawful and malicious action Ortiz was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. section 1983. Furthermore, Plaintiff alleges that the officers in question were engaged in a violation of official power granted them by the government, as per *Parilla-Burgos*, 108 F.3d 449.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendant's jointly and severally, for the actual, general, special, compensatory damages in the

amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendants conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." *Smith v. Wage*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor,* 710 F.2d 4, 14 (1st Cir. 1983). *Miga, supra* at 355.

Respectfully submitted,

Jorge Ortiz Jr.
By his attorney
July ___, 2014

_____/s/_____
Carlos Gonzalez, Esq.
Gonzalez Law Associates
380 Lexington Ave, 17th Floor
New York, NY 10168
212-405-2234

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

21 July 2015                          Jorge L. Ortiz JR

Subscribed and sworn to before me, this 21st th day of July 2015.

_____
Notary Public

CARLOS GONZALEZ
Notary Public, State of New York
No. 02GO6144680
Qualified in Kings County
Commission Expires 05/01/
8/10/15