```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JORGE LUIS ORTIZ, JR.,                         :
                                               :
               Plaintiff,                    :
                                               :   15-CV-5732 (VEC)
                                               :
      -against-                              :   OPINION AND ORDER
                                               :
THE CITY OF NEW YORK and                       :
NEW YORK CITY POLICE DEPARTMENT,               :
                                               :
                                               :
               Defendants.   X
-------------------------------------------------------------

VALERIE CAPRONI, United States District Judge:

      Plaintiff Jorge Luis Ortiz, Jr. ("Ortiz") alleges that he was arrested without probable cause by police officers employed by Defendants. He has sued New York City and the New York City Police Department (the "NYPD") for false arrest under Section 1983. Additionally, he asserts a *Monell* claim for failure to train or, in the alternative, an unconstitutional policy or practice of making unconstitutional arrests. Defendants moved for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. 20. For the reasons that follow, Defendants' motion is GRANTED.

## BACKGROUND

      Plaintiff was arrested by unidentified officers of the NYPD on July 25, 2012, on the Grand Concourse in the Bronx. Compl. ¶¶ 8, 13. Plaintiff alleges that he was in a group of approximately eight individuals when the officers "drove towards the group at a high rate of speed and stopped to investigate the group for no valid or stated reason." *Id.* ¶ 9. The officers allegedly searched Plaintiff and the other members of the group but did not recover any contraband. *Id.* ¶¶ 10-11. Having found no contraband on his person, Ortiz alleges that the

1

officers "pointed" to a "nearly empty" glassine bag several feet behind Plaintiff. *Id.* ¶ 11. Plaintiff was arrested, handcuffed, and charged with fifth degree possession of marijuana. *Id.* ¶¶ 13, 14. The district attorney declined to prosecute, and Plaintiff was released approximately 7 hours after his arrest. *Id.* ¶¶ 15, 17.

Plaintiff alleges that he was arrested and incarcerated without probable cause in violation of the Fourth and Fourteenth Amendments. He brings one claim for false arrest under Section 1983. Additionally, Plaintiff contends that his arrest resulted from a failure to train the officers on the "proper procedures for conducting an investigation and arrest," *id.* ¶ 20, or alternatively from a "policy or custom" of indifference to probable cause requirements, *id.* ¶ 21.

The City and NYPD move to dismiss. They argue that Plaintiff's complaint is fatally flawed because entities such as the NYPD and City cannot be held liable for the acts of individual arresting officers. Defs.' Mem. at 3-4. With respect to Plaintiff's *Monell* claim, they argue that Plaintiff has not plausibly alleged any facts to support his failure-to-train theory or his theory of deliberate indifference to a practice or policy of unconstitutional arrests. *Id.* at 5-6.

## DISCUSSION

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Motions under Rule 12(c) are analyzed in the same manner as those under Rule 12(b)(6) for failure to state a claim. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). Thus, the Court accepts all of the non-movant's factual allegations as true and draws all reasonable inferences in the non-movant's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(c) motion, a plaintiff must "state a claim to relief that is plausible on its face." *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (quotation marks and citations omitted).

In other words, the complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1. Municipal Entities Are Not Liable for Individual Violations

*Respondeat superior*, pursuant to which an employer is vicariously liable for the acts of its employee, does not apply to Section 1983 claims against entities such as Defendants. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Accordingly, the City and the NYPD may not be held liable for false arrest under Section 1983. *See Santos v. N.Y. City*, 847 F. Supp. 2d 573, 577 (S.D.N.Y. 2012) (no municipal liability for false arrest under Section 1983); *see also Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD is a non-suable entity).[1]

Plaintiff apparently concedes that this rule applies to his claim for false arrest and has requested leave to amend in order to name the individual officers. Pl.'s Opp. at 2. Leave to amend is discussed *infra*; because the Complaint does not state a claim on which relief can be granted for false arrest, Plaintiff's first cause of action is dismissed.

### 2. Plaintiff Has Not Stated a *Monell* Claim

Municipalities are liable for their own unconstitutional acts under Section 1983. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694-95 (1978). Because municipal liability is limited to actions of the entity—not the acts of individual officers—plaintiffs are required to allege an unconstitutional policy or custom and to allege some causal connection between the challenged policy or custom and the denial of the plaintiff's constitutional rights.

---

[1] Although *respondeat superior* is available with respect to common-law claims, *see Webster v. City of N.Y.*, 333 F. Supp. 2d 184, 207 (S.D.N.Y. 2004), Plaintiff solely alleges claims under Section 1983.

*See Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010). A *Monell* claim may be based on (1) a formal policy; (2) acts taken by a policy-maker that are directly linked to the relevant deprivation; (3) a practice that is "so consistent and widespread" that it amounts to a custom of which supervisors "must have been aware"; or (4) a failure to train or supervise that is so glaring that it amounts to "deliberate indifference" to the rights of individuals. *Masciotta v. Clarkstown Cent. Sch. Dist.*, 136 F. Supp. 3d 527, 545 (S.D.N.Y. 2015) (quoting *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

Plaintiff has not alleged plausibly any grounds for the Court to infer that his arrest was the result of an unconstitutional policy, unofficial custom, or a failure to train. The only official policies and procedures described by the Complaint are the NYPD's "policy to make arrests where allegations of criminality take place," a "general practice" to "fully investigate any and all matters before [the NYPD], and do so in a proper and judicious manner . . . [,]" Compl. ¶ 20, and a policy to "[use] whatever means possible to arrest and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime," *id.* at ¶ 21. The first two allegations do not suggest an unconstitutional policy. If anything they suggest the opposite. The Complaint's allegation of a "policy or custom" of indifference to whether there was probable cause or a factual basis for arrests comes closer, *id.* ¶ 21, but the Complaint is bereft of any factual support for this conclusory allegation. "Boilerplate language" reciting the *Monell* standard is insufficient to state a claim. *Masciotta*, 136 F. Supp. 3d at 546.

Plaintiff's opposition to the City's motion fleshes out the argument a little, asserting that the City has an unconstitutional policy of arresting multiple defendants on a theory of constructive possession in low-grade drug offenses. Pl.'s Opp. at 1-2. The Complaint itself does

not mention this theory, even obliquely, and the Court need not consider new theories or facts raised by counsel in briefing. *See Big Vision Private, Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 255-56 (S.D.N.Y. 2014). Additionally, Plaintiff has not alleged facts that would support an inference that such a policy exists or that any NYPD policy vis-à-vis low-level drug offenses violates the Constitution.

To plausibly allege a policy or custom, a plaintiff must provide some factual support that is probative of a widespread or repeated occurrence. *See, e.g.*, *Kucharczyk v. Westchester Cty.*, 95 F. Supp. 3d 529, 544 (S.D.N.Y. 2015) (plaintiff adequately alleged policy or custom based on Department of Justice report describing frequent incidents); *Gazzola v. Cty. of Nassau*, No. 16-cv-0909 (ADS), 2016 WL 6068138, at *8 (E.D.N.Y. Oct. 13, 2016) (reasoning that "sanctions from the Department of Justice; New York State Supreme Court orders; multiple reports with recommendations from NYSCOC; [and] complaints from inmates" plausibly alleged a practice or policy). Plaintiff's *Monell* claim lacks any similar support. He relies solely on the facts of his own arrest and the stop-and-frisk policies described in *Floyd v. City of New York*, which are not obviously connected to the constructive possession policy about which Plaintiff purports to complain. Neither allegation is adequate to allege a policy or custom. *See Peterec v. City of N.Y.*, No. 14-cv-309 (RJS), 2015 WL 1027367, at *6-7 (S.D.N.Y. Mar. 6, 2015) (reference to *Floyd* is inadequate to state a policy or custom); *Triano v. Town of Harrison, N.Y.*, 895 F. Supp. 2d 526, 538 (S.D.N.Y. 2012) (facts of plaintiff's arrest do not state a policy or custom).

Because the Complaint does not state a claim on which relief can be granted under a *Monell* theory, Plaintiff's *Monell* claim is dismissed.

### 3.  Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (other citation omitted)). Additionally, because Plaintiff filed this action almost three years after his arrest, he can timely amend his complaint only if the amendment will relate back to the original date of filing under Rule 15(c)(1). *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (New York's three-year statute of limitation applies to Section 1983 claims).

Defendants argue that any amendment would be time-barred under Rule 15(c)(1)(C), which permits a plaintiff to name different defendants only when, among other things, there has been a mistake in identity. *See Hogan v. Fischer*, 738 F.3d 509, 517-18 (2d Cir. 2013) (lack of knowledge of proper defendants is not a "mistake of identity" for purposes of Rule 15). To the extent Plaintiff did not name individual defendants because their identities were unavailable or unknown to him, relation back is unavailable. *Id.*

Plaintiff alleges that he did not name individual defendants due to an error of counsel and seeks leave to amend to provide further factual allegations in support of his claims. Pl's Opp. at 2. Although it is well established that legal error regarding the proper defendant is a basis to amend under Rule 15(c)(1)(C), *see Nzomo v. N.Y. City*, No. 10-cv-8530 (RA), 2013 WL 411351, at *4-6 (S.D.N.Y. Jan. 30, 2013) (citing *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34 (2d Cir. 1996)), it is doubtful that rule applies when Plaintiff was also unaware of the identity of the proper defendant within the statute of limitations period due to lack of timely investigation.

The Court seriously doubts that Plaintiff can plausibly allege a pattern or practice or that any effort to name the individual arresting officers will be successful in the face of a motion to dismiss based on the statute of limitations.  Because, however, Plaintiff has not provided a proposed amended complaint from which the Court could determine whether leave to amend is futile, the Court will give Plaintiff until **December 9, 2016**, to submit a motion for leave to amend, including a proposed amended complaint.  If the Amended Complaint includes claims against defendants not named in the original Complaint, the Memorandum in Support of the Motion for Leave to File an Amended Complaint must include an analysis pursuant to Federal Rule of Civil Procedure 15(c).  Oppositions to the Motion for Leave to Amend, if any, shall be due on **December 30, 2016**. Replies in support of the Motion for Leave to Amend shall be due on **January 6, 2017**.[2]

## CONCLUSION

Defendants' motion to dismiss is GRANTED.  The Clerk of Court is respectfully requested to close the open motion at docket entry 20.

**SO ORDERED.**

Date:  November 23, 2016                             VALERIE CAPRONI
       New York, New York                         United States District Judge

---

[2]  Because the NYPD is not a suable entity, the Amended Complaint should not include it as a defendant.